[No. 4322.  Decided August 11, 1902.]

THE STATE OF WASHINGTON *on the Relation of Eliza Dew-hirst Bogey* v. C. H. NEAL, *Judge of Superior Court of Douglas County, et al.*

ADMINISTRATION BY SURVIVING PARTNER — AUTHORITY TO SELL REALTY.

Under Bal. Code, § 6190, which authorizes a surviving partner to administer upon the partnership estate, pay the liabilities, settle the business and transfer the interest remaining to the executor or general administrator, such surviving partner is empowered to treat the partnership realty as personalty and dispose of it in the same way for the purpose of paying debts and adjusting partnership rights, without the necessity of making the showing required of an executor or administrator in order to authorize the latter to sell real estate.

*Original Application for Prohibition.*

*Shepard & Lyter,* for relator.

*R. W. Starr,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—Upon the application of relator, a temporary writ of prohibition was issued, prohibiting respondents from confirming a sale of real estate sold under the order of the court commissioner in Douglas county. Upon the return day of the temporary writ, respondents appeared, and filed a return to the show-cause order, and a brief in support thereof. The facts, as they appear from the petition and return thereto, are substantially as follows:

On the 19th day of December, 1901, George Dewhirst, a resident of Douglas county, died intestate in said county, leaving an estate therein consisting of real and personal

property, a portion of which belonged to him individually, and a portion belonged to a copartnership, consisting of deceased and one E. R. Tyler, known as Tyler & Dewhirst; that thereafter E. R. Tyler, the surviving partner, upon due application, was appointed administrator of the partnership estate, and one Adam Thompson was duly appointed administrator of the individual estate; that thereafter the administrator of the partnership estate filed a petition in the superior court of Douglas county, showing that the personal estate of the copartnership of Tyler & Dewhirst was of the value of $1,221.50, no part of which had been sold; that the petitioner was unable at that time to state the amount of the partnership debts, but that the same amounted to more than $350; that the partnership real estate consisted of two quarter sections of land, describing them, which were appraised, and were of the value of $2,600; that the said real property was not susceptible of division, and that in order to make a division of the interests of the respective members of the late firm, so that the affairs of the late partnership of Tyler & Dewhirst might be closed up, it was necessary that the whole of the real estate be sold. Thereafter, upon a hearing, at which the above facts were found, an order of sale of the real estate was regularly made, and the sale took place. It is to prevent a confirmation of this sale that this writ is sought, upon the ground that the court had no jurisdiction to order the sale. This question of jurisdiction is the only one presented in the case.

Section 6190, Bal. Code, provides that if the surviving partner apply therefor within five days from the filing of an inventory by the general administrator, he is entitled to the administration of the partnership estate, "and his powers and duties extend to the settlement of the

partnership business generally, and the payment or transfer of the interest of the deceased in the partnership property remaining after the payment or satisfaction of the debts and liabilities of the partnership, to the executor or general administrator. . . . In the exercise of his powers and the performance of his duties, the administrator of the partnership is subject to the same limitations and liabilities, and control and jurisdiction of the court, as a general administrator." This statute does not undertake to change the rule as to the status of partnership real estate, but gives the surviving partner general power over the partnership property in the settlement of the partnership business. Such partner is subject to the same limitations and liabilities and control by the court as a general administrator. In equity real property belonging to the partnership is regarded as personal estate, so far as the payment of debts and the adjustment of partnership rights are concerned. *Dupuy v. Leavenworth,* 17 Cal. 263; *Shanks v. Klein,* 104 U. S. 18; *Burchinell v. Koon,* 8 Colo. App. 463 (46 Pac. 932). Under this statute, therefore, the administrator of the partnership estate may sell and transfer the partnership real estate, for the purpose of paying debts and adjusting partnership rights, by the same authority that he may sell personal property. It is not necessary that he make the showing required of a general administrator to sell individual real estate. A showing that a sale was necessary to pay debts or to adjust partnership rights is sufficient.

In this case the court found, upon a hearing after notice, that the partnership real property was not susceptible of division between the surviving partner and the general administrator or the heirs, and that it was necessary to make a sale thereof, in order to make distribution of the partnership estate. Under these circumstances, the court

had jurisdiction to order the sale. The writ will therefore be denied, with costs against relator.

REAVIS, C. J., and ANDERS, FULLERTON, WHITE, DUNBAR and HADLEY, JJ., concur.